UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No. 2:17-cv-00157 KJM GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| McCOMBER, | |
| Respondent. | |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

Petitioner's filings continue a repetitive set of patterns: petitioner is convicted of a prison disciplinary in which he loses time credits; he files a habeas petition; the petition is then denied on the basis of a lack of jurisdiction due to his indeterminate life sentence. As is the case here, the court lacks jurisdiction over this habeas action in that recovery of time credits in this action would be meaningless given petitioner's status. Accordingly, the undersigned need not reach the timeliness issue as the court lacks jurisdiction and will therefore recommend that the motion to dismiss be granted and the petition be dismissed.

*Discussion*

Petitioner is a prisoner sentenced to an indeterminate life sentence. He has no parole date to which time credits could be an acceleration of his parole date. Petitioner must be found parole eligible first before he receives a parole date, which he has not yet be found. See the district court cases cited below to which the court will take judicial notice of the facts set forth therein.

The undersigned will not set forth a lengthy discussion here, as that discussion has taken place throughout the districts in this state. The cases cited herein all apply Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (deprivation of time credits for a prisoner serving an indeterminate sentence, and for which no parole eligibility has been found, does not give rise to a federal habeas action over which the court has jurisdiction). See, e.g., Olic v. Lizarraga, No. 2:14-cv-2120 KJM GGH P, 2017 WL 85690 (E.D. Cal. Jan. 9, 2017) (See ECF Nos. 63, 65); Olic v. Lizarraga, No. 2:15-cv-0694-JAM-CMK-P, 2016 WL 7014392 (E.D. Cal. Dec. 1, 2016) (See ECF Nos. 24, 26); Olic v. HDSP Warden, Case No. SA CV 16-2234-MWF (SP), 2018 WL 1620907 (C.D. Cal. Mar. 29, 2018), certificate of appealability denied *sub nom.* Olic v. Spearman, No. 18-55472, 2018 WL 4278574 (9th Cir. June 25, 2018), cert. denied, 139 S. Ct. 460 (2018); Olic v. Gastelo, Case No. SA CV 17-103-MWF (SP), 2018 WL 1626251 (C.D. Cal. Mar. 1, 2018), report and recommendation adopted, No. SA CV 17-103-MWF (SP), 2018 WL 1620912 (C.D. Cal. Mar. 29, 2018), certificate of appealability denied, No. 18-55497, 2018 WL 3469063 (9th Cir. June 1, 2018). Moreover, petitioner's appeals are denied without a merits discussion as petitioner cannot obtain a certificate of appealability. See, supra, Olic v. Spearman, 2018 WL 4278574; Olic v. Gastelo, 2018 WL 3469063; Olic v. Lizarraga, No. 17-55986, 2017 WL 4620806 (9th Cir. Aug. 18, 2017).

Alternatively, petitioner has previously been advised that he might be able to state a claim in a civil rights action. As far as the undersigned knows, the advice has been ignored. The undersigned will not order this case to be treated as a civil rights action.

////

////

////

2

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted;

2. The petition be dismissed with prejudice based upon a lack of subject matter jurisdiction; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 14, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE